UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REUBEN JOSEPH REYES,<br><br>        Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON, et al.,<br><br>        Defendants. | Case No. 1:22-cv-01467-EPG (PC)<br><br>ORDER RE: PLAINTIFF'S MOTION TO EXTEND COMPLAINT'S PAGE LIMIT AND/OR MOTION FOR LEAVE TO AMEND<br><br>(ECF No. 3)<br><br>ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT THAT IS NO LONGER THAN TWENTY-FIVE PAGES WITHIN THIRTY DAYS |

Reuben Reyes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983, which includes state law claims. On November 14, 2022, Plaintiff filed an 83-page complaint. (ECF No. 1). On that same day Plaintiff also filed a motion for permission to either exceed the twenty-five-page limit on e-filing his civil rights, or to file an amended complaint that is only twenty-five pages.

For the reasons described below, the Court will require Plaintiff to file an amended complaint that is no longer than twenty-five pages within thirty days.[1]

   **I.    SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff's complaint is eighty-three pages. Plaintiff sues thirteen named defendants, as well as DOES 1-50. Plaintiff complains, among other things, about not being able to receive a book that his family ordered him, about outgoing mail being thrown in the trash, about incoming

---
[1] The Court notes that the proof of service is not counted towards this limit.

1

legal mail being read outside of his presence, and about being retaliated against for filing grievances.

## II. DISCUSSION

### a. E-Filing Program

On February 24, 2016, this Court issued a Standing Order for the United States District Court for the Eastern District of California, Fresno Division, that describes a pilot program in which the Court and the California Department of Corrections and Rehabilitation (CDCR) have agreed to participate in a program whereby initial pleadings submitted by prisoners in civil rights cases involving conditions of confinement claims are electronically filed. As part of this pilot program, CDCR has agreed to collaborate with the Court to obtain and maintain participating penal institutions under the program. Participating penal institutions shall be those institutions which CDCR and the Court agree shall participate in the program. This pilot program is designed to reduce the costs of processing court filings in civil rights cases brought by incarcerated plaintiffs pursuant to 42 U.S.C. § 1983. This Standing Order only applies to initial filings by plaintiffs which is defined as the complaint, an application to proceed in forma pauperis without prepayment of fees, or a motion seeking relief from this Standing Order or a motion for emergency relief. At a CDCR participating facility, no initial documents will be accepted for filing by the Clerk of the Court unless done pursuant to the Standing Order or the scanning equipment is inoperable for a period longer than forty-eight (48) hours. After the initial filings, all other filings shall be mailed and comply with the Local Rules for the United States District Court for the Eastern District of California. Initial filings from inmate plaintiffs who reside at participating institutions, not sent through the e-filing procedures, unless those for which the filing fee is paid in full, will be rejected by the Court.

Plaintiffs shall provide their complaint and any application to proceed in forma pauperis without prepayment of fees to CDCR in conformity with CDCR's procedures for the electronic filing of initial documents, including any applicable procedures for paying for photocopies. Plaintiffs are required to pay for photocopies according to the applicable CDCR policies and procedures. To facilitate complaint with Federal Rule of Civil Procedure 8(a)(2), complaints

1  shall not exceed twenty-five (25) pages in length.  In the event a plaintiff needs to file a complaint
2  longer than twenty-five (25) pages, he or she must submit a motion demonstrating the grounds for
3  the need to exceed the page limitation, along with the proposed complaint, to the Court for
4  permission to exceed the page limit.

      b.  <u>Analysis</u>

6     In this instance, Plaintiff asks to be allowed to file an additional fifty-nine pages over the
7  twenty-five-page limit because Plaintiff's complaint "contains several claims with all the claims
8  related to each other, starting with Plaintiff's book being arbitrarily denied for delivery to Plaintiff
9  by the Defendants." (ECF No. 3, p. 1).  Alternatively, Plaintiff asks to be allowed to file an
10 amended complaint that is twenty-five pages.

11     The Court will deny Plaintiff's request to be allowed to file additional pages over the
12 twenty-five-page limit.  Federal Rule of Civil Procedure 8 requires that a complaint contain a
13 short and plain statement of the claim showing that the pleader is entitled to relief and detailed
14 factual allegations are not required.  Fed. R. Civ. P. 8(a)(2).  It is the Court's responsibility to
15 control its docket and enforce the requirements of Rule 8 by setting reasonable limitations on the
16 page length of a pleading.  Simply stated, the Court finds that Plaintiff has not set forth a "good
17 cause explanation" as to why he needs over fifty additional pages in order to sufficiently allege
18 his claims.  Additionally, the Court has reviewed the complaint, and finds that it includes
19 extraneous factual allegations.  Finally, while not deciding the issue at this time, it appears that at
20 least some of Plaintiff's claims are not sufficiently related and should be brought in different
21 lawsuit(s).  Accordingly, Plaintiff's motion to exceed the page limitation must be denied.

22     The Court will, however, allow Plaintiff to file an amended complaint that is no longer
23 than twenty-five pages in length.  The Court will also provide Plaintiff with relevant legal
24 standards that may assist him in reducing the length of his complaint.

      c.  <u>Legal Standards</u>

        i.  <u>Federal Rules of Civil Procedure 18 & 20</u>

27     A complaint must comply with the requirements of Federal Rules of Civil Procedure 18
28 and 20.  Under these rules, a plaintiff may not proceed on a myriad of unrelated claims against

different defendants in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2).  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  K'napp v. California Dept. of Corrections, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013) (alterations in original) (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007), aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation, 599 Fed. App'x. 791 (9th Cir. 2015); see also Fed. R. Civ. P. 20(a)(2) ("Persons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."); Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997) ("[T]he 'same transaction' requirement[] refers to similarity in the factual background of a claim.").

"Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party."  Washington v. Fresno County Sheriff, 2014 WL 641137, at *2 (E.D. Cal., Feb. 18, 2014); Williams v. Madera Police Dep't, 2012 WL 3068944, at *3 (E.D. Cal., July 26, 2012) (same); Miller v. Kernan, 2017 WL 590259, at *3 (E.D. Cal., Feb. 14, 2017) (same); Solomon v. Carrasco, 2012 WL 3744666, at *3 (E.D. Cal., Aug. 28, 2012) (same).

\\\

\\\

ii. California's Government Claims Act

California's Government Claims Act[2] requires that a claim against the State[3] or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (Cal. 2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. Bodde, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

iii. Processing of Grievances

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (alteration in original) (quoting Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Additionally, the Petition Clause in the First Amendment guarantees only that an individual may "speak freely and petition openly" and that he will be free from retaliation by the government for doing so. Smith v. Arkansas State Highway Employees, Local 1315, 441 U.S.

---

[2] This Act was formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal. 4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

[3] "'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

1  463, 465 (per curiam).  The First Amendment does not guarantee that there will be any
2  government response to a petition or that the government will take any action regarding the relief
3  demanded by the petitioner.  Specifically, the First Amendment does not impose an affirmative
4  obligation on the government to consider, respond to, or grant any relief on a citizen's petition for
5  redress of grievances.  Id.; see also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("A
6  citizen's right to petition the government does not guarantee a response to the petition or the right
7  to compel government officials to act on or adopt a citizen's views."); We the People Foundation,
8  Inc. v. United States, 485 F.3d 140, 141 (D.C. Cir. 2007) ("[T]he Petition Clause does not provide
9  a right to a response or official consideration [of a citizen's grievance]."); Trentadue v. Integrity
10 Committee, 501 F.3d 1215, 1237 (10th Cir. 2007) ("[T]he right to petition confers no attendant
11 right to a response from the government."); Hilton v. City of Wheeling, 209 F.3d 1005, 1007 (7th
12 Cir. 2000) ("[W]hile the government may not interfere with the right to petition, it need not grant
13 the petition, no matter how meritorious it is.") (citations omitted).

                                    iv.  Mail

15         Generally, prisoners have "a First Amendment right to send and receive mail."  Witherow
16 v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  However, a prison may adopt regulations
17 or practices that impinge on a prisoner's First Amendment rights as long as the regulations are
18 "reasonably related to legitimate penological interests."  See Turner v. Safley, 482 U.S. 78, 89
19 (1987).

20         Confidential correspondence between a prisoner and his criminal attorney is protected by
21 the Sixth Amendment.  See Nordstrom v. Ryan, 762 F.3d 903, 909 (9th Cir. 2014) ("What prison
22 officials don't have the right to do is read a confidential letter from an inmate to his lawyer.").
23 Additionally, the Ninth Circuit "recognize[s] that prisoners have a protected First Amendment
24 interest in having properly marked legal mail opened only in their presence."  Hayes v. Idaho
25 Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017).  However, a complaint must "clarify who sent the
26 mail or whether it was properly marked as 'legal mail.'"  Id.  "Mail from the courts, as contrasted
27 to mail from a prisoner's lawyer, is not legal mail."  Id. (citation and internal quotation marks
28 omitted).

### III.     ORDER

Based on the foregoing, IT IS ORDERED that Plaintiff has thirty days from the date of service of this order to file an amended complaint that is no longer than twenty-five pages in length.

IT IS SO ORDERED.

Dated:   **November 15, 2022**                            /s/ Erica P. Grosjean
                                                                                    UNITED STATES MAGISTRATE JUDGE