UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REUBEN JOSEPH REYES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-01467-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT CERTAIN CLAIMS AND DEFENDANTS BE DISMISSED<br><br>(ECF Nos. 14 & 15)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

　　　　Reuben Reyes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983, which includes state law claims.

　　　　On December 14, 2022, Plaintiff filed his First Amended Complaint. (ECF No. 14). The Court screened the complaint. (ECF No. 15). The Court found that only the following claims should proceed past the screening stage: Plaintiff's Fourteenth Amendment Due Process Clause claims and his First Amendment Free Speech claims against defendants Lopez, Alvarez, and Benavides related to the book Plaintiff claims he did not receive. (Id.).

　　　　The Court gave Plaintiff thirty days to either: "File a Second Amended Complaint **that is no longer than twenty pages (including exhibits)**; Notify the Court in writing that he does not want to file an amended complaint and instead wants to proceed only on his Fourteenth Amendment Due Process Clause claims and his First Amendment Free Speech claims against defendants Lopez, Alvarez, and Benavides related to the book Plaintiff did not receive; or c. Notify the Court in writing that he wants to stand on his complaint." (Id. at 24-25). On April

1

25, 2023, Plaintiff filed a notice that he wants to proceed only on the claims that the Court found should proceed past screening. (ECF No. 16).[1]

Accordingly, for the reasons set forth in the Court's screening order that was entered on March 31, 2023 (ECF No. 15), and because Plaintiff has notified the Court that he wants to proceed only on the claims that the Court found should proceed past screening (ECF No. 16), it is HEREBY RECOMMENDED that all claims and defendants be dismissed, except for Plaintiff's Fourteenth Amendment Due Process Clause claims and his First Amendment Free Speech claims against defendants Lopez, Alvarez, and Benavides related to the book Plaintiff did not receive.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 26, 2023**                    /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE

---

[1] In the notice, Plaintiff also asks the Court to authorize service of process on defendants Lopez, Alvarez, and Benavides. The Court will separately issue an order authorizing service of process on these defendants.
  Plaintiff also asks the Court for an additional ninety days for the Court to issue service of process on these defendants. It is not clear what relief Plaintiff is seeking. Plaintiff has already responded to the screening order, and Plaintiff does not have any deadlines related to service of process at this time. Accordingly, this request is DENIED, without prejudice to Plaintiff filing a separate motion that clarifies the relief he is seeking.
  Finally, the Court notes that Plaintiff includes factual allegations related to the claims that are proceeding. It is not clear why Plaintiff includes these allegations in the notice. This case is proceeding on Plaintiff's First Amended Complaint.