UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REUBEN JOSEPH REYES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-01467-JLT-EPG (PC)<br><br>ORDER RE: PLAINTIFF'S LETTER DATED APRIL 27, 2023<br><br>(ECF No. 21) |

Reuben Reyes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983, which includes state law claims.

On May 2, 2023, the Court received a letter from Plaintiff dated April 27, 2023. (ECF No. 21). In his letter, Plaintiff informs the Court that he mailed his response to the screening order as instructed by the Court prior to the deadline. Plaintiff also asserts that he did not consent to magistrate judge jurisdiction, and he asks why a magistrate judge screened his complaint even though he did not consent and wants a district judge to preside over his case.

The Court notes that it received Plaintiff's response to the screening order, and it was timely filed. Additionally, District Judge Jennifer L. Thurston has been assigned to this case. (ECF No. 13). However, the undersigned will still handle aspects of Plaintiff's case. See, e.g., 28 U.S.C. § 636(b)(1)(A) ("a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the

defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action…. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); 28 U.S.C. § 636(b)(1)(B) ("a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.") (footnote omitted); Local Rule 302(c)(17) ("**Duties to Be Performed in Civil Matters by a Magistrate Judge Pursuant to 28 U.S.C. § 636(a), (b)(1)(A), (b)(1)(B), (b)(3), or Other Law.** Actions brought by a person in custody who is seeking habeas corpus relief (28 U.S.C. § 2241 et seq.), or any relief authorized by 42 U.S.C. § 1981 et seq., *Bivens* or the Federal Tort Claims Act including dispositive and non-dispositive motions and matters.").

The Court will take no further action on Plaintiff's letter.

IT IS SO ORDERED.

Dated:   **May 3, 2023**                    /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE

2