**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REUBEN JOSEPH REYES, <br><br> Plaintiff, <br><br> v. <br><br> J. LOPEZ, et al., <br><br> Defendants. | Case No. 1:22-cv-01467-JLT-EPG (PC) <br><br> **ORDER DENYING DEFENDANTS' REQUESTS FOR EXTENSION OF TIME TO EXCHANGE DOCUMENTS AND TO MODIFY THE SCHEDULING ORDER** <br><br> **(ECF Nos. 43, 44)** |

Before the Court are two motions by the Defendants, seeking to postpone production of documents and discovery responses purportedly because of delays in obtaining documents from Pleasant Valley State Prison.[1] For the reasons stated below, the Court will deny both motions without prejudice.

**I.    BACKGROUND**

Reuben Joseph Reyes is a state prisoner at Pleasant Valley State Prison (PVSP) proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C.

---

[1] In both of their declarations in support of both motion, counsel refers to Plaintiff as a *former* inmate of PVSP: "the Litigation Coordinator is tasked with handling any litigation related requests by former inmates, *such as Plaintiff*, who were previously housed at Pleasant Valley State Prison." (ECF No. 43 at 3; ECF No. 44-1 at 2) (emphasis added). To the best of Court's knowledge, the incident at issue occurred at PVSP and Plaintiff is currently still housed at PVSP. Plaintiff's address on file with the Court also points to PVSP as his current place of incarceration, and so does California Incarcerated Records and Information Search (CIRIS).

1

§ 1983. This case concerns claims related to Plaintiff not receiving a book he ordered. (ECF Nos. 15, 17, 25).

After service of the complaint in May of 2023 (ECF No. 23) Defendants moved for a 60-day extension of time to respond to the complaint, so that Defendants' response to the complaint would be due on August 28, 2023. (ECF No. 28). In that request for extension of time, defense counsel Neculai Grecea submitted a declaration explaining, in relevant part:

> Upon being assigned to this case, I immediately requested that my paralegal prioritize opening the case and requesting Plaintiff's central file records, as well as other relevant records that will enable me to evaluate the First Amended Complaint and determine the appropriate response. Due to institutional delays, those records were received in the second half of June 2023. Plaintiff's central file is several thousands of pages in length. I expect that the task of reviewing these records will be a time-consuming task that must be balanced against the demands of my existing caseload and previously-set deadlines in other cases to which I am assigned.
>
> A sixty-day extension of time, up to and including August 28, 2023, will allow me time to complete the substantial task of reviewing Plaintiff's central file and administrative grievances. Based on that, I expect to be in a position to determine a course of action, and prepare and file a response to Plaintiff's First Amended Complaint. This extension should not significantly impact the progress of this case or unfairly prejudice Plaintiff.

(ECF No. 28, at p. 3). Based on counsel's representation, the Court granted the extension. (ECF No. 29)

As ordered by the Court, Defendants filed a scheduling and discovery statement on October 10, 2023. (ECF No. 39). In that statement, Defendants explained that "Any relevant institutional documents, including documents related to the processing of the disallowance of Plaintiff's book, are part of Plaintiff's prison central file and readily available to Plaintiff." (ECF No. 39, at p. 2).

The Court issued a Scheduling Order on October 13, 2023 (ECF No. 42), opening discovery and setting deadlines for certain motions. The same day, the Court also issued an Order directing parties to exchange certain basic documents within 60 days (ECF No. 41).

On November 30, 2023, Defendants filed a Motion for Extension of Time to Exchange Documents (ECF No. 43). Defendants' motion asks for "a ninety-day extension of time to comply with the order given delays in obtaining documents from Pleasant Valley State Prison." (ECF No.

43.) Plaintiff's motion is supported by the Declaration of Counsel, Neculai Grecea, which states as follows:

> During a recent conversation with the Litigation Coordinator, I was apprised of a severe backlog affecting the operations in that office. The Litigation Coordinator estimates that he will require at least sixty days to respond to any inquiries from my office with respect to this case, considering that he is now responding to backlogged requests dating back to September 2023. This has affected my ability to investigate Plaintiff's claims and obtain relevant documents necessary to evaluate the possibility of settlement, respond to pending discovery requests, or otherwise formulate a litigation plan in this matter.

(ECF No. 43, at p. 3).

In a separate motion, Defendants seek to extend all the deadlines in the Court's Scheduling Order by 90 days. (ECF No. 44, at p. 1). Defendants base their motions on the PVSP's backlog in providing documents to defense counsel. (ECF Nos. 43, at p. 3; 44-1, at p. 2). Regarding this requested extension, counsel represents that "This request is brought to enable me to obtain documents necessary to investigate Plaintiff's claims and appropriately evaluate litigation strategy, and not for the purpose of harassment, undue delay, or any other improper purpose." (ECF No. 44-1, at p. 3).

Defendants' second motion also asks that the Court deem Plaintiff's discovery requests, which have already been served, to "have been served" as of February 1, 2024, stating:

> Defendants are not seeking an enlargement of the time to respond. Rather, Defendants seek that any discovery requests served before February 1, 2024—including any pending discovery requests—be deemed served as of February 1, 2024. It is reasonably calculated that defense counsel will receive necessary institutional documents by that time, thus enabling Defendants to provide appropriate responses. Further, any discovery requests served after February 1, 2024, should be deemed served as of the date they are served.

(ECF No. 44, at p. 4).

**II.  LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 16(b), the Court must issue a scheduling order, which can only be modified for good cause. The Court has "broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011).

### III. ANALYSIS

The Court will deny Defendants' request because the Court already granted an extension of time to Defendants in order for Defendants to gather documents regarding this case, and counsel represented they already obtained the relevant documents in June 2023.

As set forth above, Defendants were served with the complaint in May of 2023. (ECF No. 23). Defense counsel represented in June 2023 that counsel had "immediately requested that my paralegal prioritize opening the case and requesting Plaintiff's central file records, as well as other relevant records that will enable me to evaluate the First Amended Complaint and determine the appropriate response." (ECF No. 28). Indeed, defense counsel represented that counsel had already received the documents in June 2023, stating "those records were received in the second half of June 2023." (ECF No. 28, at p. 3). Those received documents specifically included "Plaintiff's central file." (*Id.*) Moreover, Defendants' Scheduling and Discovery statement, signed by Grecea, stated that "[a]ny relevant institutional documents, including documents related to the processing of the disallowance of Plaintiff's book, are part of Plaintiff's prison central file." (ECF No. 39, at p. 2). In other words, Defense counsel has represented to the Court in a sworn declaration that counsel has already received the documents that would be relevant to this case.

Defendants' request also unduly delays this case. This case concerns a relatively isolated incident related to confiscation of one book. Yet, Defendants claim that it will take more than 10 months to produce basic documents regarding this case. (Defendants were served with the complaint in May of 2023, yet request until March 11, 2024 to produce documents required by the Court's order).

The Court will also deny the request that Plaintiff's discovery requests be "deem served" on February 1, 2024, instead of when they were actually served. Defendants provide no legal support the request to "deem" a document served on a date other than the date it was served. Further, given that defense counsel obtained the relevant documents in June 2023, and the interrogatories are directed against the defendants in their individual capacity, Defendants have not shown good cause for this requested extension.

\\\

## IV. CONCLUSION AND ORDER

Defendants Motions for extensions of time and miscellaneous relief (ECF Nos. 43, 44) are therefore DENIED without prejudice.[2]

IT IS SO ORDERED.

Dated: __December 4, 2023__            /s/ Eric P. Groj
                                       UNITED STATES MAGISTRATE JUDGE

---

[2] If Defendants believe, despite their previous representations, they require additional time to meet these deadlines, Defendants may file a new motion.  However, any such motion should explain why there is good cause for any requested extensions given the previous representations and related extensions.